Larry WALSTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00283–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 30, 1985.

Andrew Carruthers, San Antonio, for appellant.

Sam Millsap, Jr., Sid Harle, Lyndee Ahnstedt, Margaret M. Embry, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for burglary of a habitation with intent to commit rape. The jury found appellant guilty as charged and the court assessed the punishment at sixty (60) years' confinement.

The evidence shows that the complainant was awakened by a man standing by her bed. She was forced to perform oral sex on the intruder and thereafter was raped. Because she was afraid for her and her child's safety, she did not resist the sexual assault. The attacker turned the light on to gather some personal items he had dropped and then the complainant led him out a rear door as instructed. The police were called and given a description of the assailant. Thereafter appellant, a sergeant in the U.S. Army, was stopped by the police for having a defective taillight; he was questioned and taken to Fort Sam Houston for further interrogation. He was subsequently charged with the instant offense. Complainant made a positive photographic identification of appellant and an in-court identification. It is undisputed that the attacker broke into her house and that she did not give him permission to break and enter her habitation.

Appellant assigns five grounds of error alleging ineffective assistance of counsel as follows: (1) failure to raise proper and timely objections; (2) failure to file pre-trial and post-trial motions; (3) failure to make an independent investigation of the facts; (4) failure to meet and discuss the facts with appellant; and (5) lack of knowledge of the law of extraneous offenses and failure to subpoena witnesses to rebut extraneous offenses offered by the State.

The right to assistance of counsel is guaranteed by the sixth amendment to the United States Constitution, and made mandatory on the states by the fourteenth amendment. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The prevailing standard of review enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984), instructs that this court need not determine whether counsel's performance was deficient unless we first conclude that the confidence in the trial proceeding has been undermined. This rule places the burden on appellant to show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." In Texas, the question of ineffective assistance of counsel is determined after reviewing the totality of the representation. *Faz v. State*, 510 S.W.2d 922, 926 (Tex.Crim.App.1974).

■ The record shows that the trial lasted four days. The voir dire examination of the prospective jurors was adequate. Defense counsel rehabilitated one venireman challenged for cause by the State and was sustained by the court in a challenge for cause of another prospective juror. In the general remarks to the panel, defense counsel gave emphasis to the defense of mistaken identification and an alibi. Thus, the failure to attempt to qualify or rehabilitate one prospective juror who was challenged for cause could not, as an isolated instance, be considered reversible error. *See Johnson v. State*, 629 S.W.2d 731, 736 (Tex.Crim.App.1981); *Passmore v. State*, 617 S.W.2d 682, 686 (Tex.Crim.App.1981).

Appellant complains that he was taken into custody during trial, and several jurors testified at the hearing on the motion for new trial that they did notice that appellant was being escorted on the last day of trial. Nevertheless, these jurors also stated that the fact that appellant was in custody did not influence their verdict.

■ The cross-examination of all of the State's witnesses was extensive and mitigated the seriousness of the offense charged. The complainant admitted on cross-examination that there were no bruises on her face, her body, or on the outer part of her vagina; she further stated that the attacker did not have a gun and did not beat her. The cross-examination of Dr. Mayhew, the State's medical witness, was cogent. Defense counsel developed that the medical examination of the complainant did not show any evidence of trauma, such as bruises or marks. The forensic serologist admitted on cross-examination that there was no blood on the complainant's panties or nightgown and that the semen found on the blanket could not positively be identified as appellant's. Furthermore, doubt was raised as to the comparison of the blood samples by getting the expert

witness to admit that the general classification of the blood sample applied to eleven to twelve percent of the general population. Thus, defense counsel's failure to object to certain improper evidence is not by itself an indication of ineffective assistance of counsel. *Long v. State*, 502 S.W.2d 139, 141 (Tex.Crim.App.1973). His justification could have been directed at minimizing the risk of further incriminating evidence.

■ The rebuttal witness, Karen Jackman, was first examined out of the presence of the jury on an extraneous offense. The court ruled that her testimony would be admissible on the issues of the alibi and identification. The witness Jackman identified appellant as the same person who broke into her apartment and attempted to rape her a few days after the date of the offense in the instant case. She told the jury that she was awakened in the early morning hours by appellant kissing her. The witness stated that she started screaming but that appellant put his hands on her throat and told her she would not get hurt if she stopped screaming. She stated that appellant had his pants off and exhibited a large penis and that she saw his face when she lit a match and held it close to appellant. There is evidence that defense counsel anticipated filing a motion to suppress the identification as to both Jackman and the complainant; however, the State's complete file was made available before trial and this could have resulted in change of trial strategy. Defense counsel, having read the State's file, could have determined that the out-of-court photographic identifications were not suggestive. Appellant has failed to show that a pre-trial motion to suppress the identification could have benefited the defense, and there is no record evidence showing that the out-of-court identification was tainted. Moreover, the complainant made a positive in-court identification. *See Hunnicutt v. State*, 531 S.W.2d 618, 624 (Tex.Crim.App.1976), *overruled on other grounds, Hurley v. State*, 606 S.W.2d 887 (Tex.Crim.App.1980); *Hayes v. State*, 484 S.W.2d 922, 925 (Tex.Crim.App.1972).

■ Appellant complains that defense counsel failed to meet with him to discuss his case. Defense counsel interviewed appellant at the county jail where he was held in custody after the initial arrest. After appellant was released on bail bond he returned to his home in Georgia and did not return to San Antonio until a few days before trial. This accounts for his limited interview with defense counsel; nevertheless, he relates that he met with defense counsel four or five times.

[5, 6] The failure to subpoena witnesses does not constitute ineffective assistance of counsel without a showing that the witnesses were available and that their testimony would have benefited appellant. *See Hunnicutt v. State, supra.* In the instant case, appellant testified that on August 2nd, he was in his room at the barracks of Fort Sam Houston by 11:00 o'clock p.m. and that he watched television and had no visitors. The defense investigator stated that he contacted one possible witness in Georgia but that the witness had no money to come to San Antonio and did not have permission from his military command to make such a trip. The witness alluded to could not have aided appellant in his alibi defense because by his own admission, no one saw him in his room at or near the time of the burglary and sexual assault. Moreover, the one witness found by the investigator was not available at the time of trial. *See Gonzales v. State*, 626 S.W.2d 888, 895 (Tex.App.—San Antonio 1981, pet. ref'd).

■ In this case there was more than sufficient independent evidence to establish appellant's guilt, without the extraneous offense, admitted without objection; the error, if any, was harmless. *Prior v. State*, 647 S.W.2d 956, 959–60 (Tex.Crim.App.1983); *Esquivel v. State*, 595 S.W.2d 516, 529 (Tex.Crim.App.1980). The fact that another attorney might have pursued a different course of action at trial will not support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex.Crim.App.1979). We, therefore, conclude that defense counsel raised a viable defense and considering the whole representation, we

cannot agree that this case should be reversed for ineffective assistance of counsel. All grounds of error are overruled.

The judgment of the trial court is affirmed.