IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-302-CR





GEORGE YARBOROUGH,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-90-400, HONORABLE ROBERT PFEUFFER, JUDGE PRESIDING



 





PER CURIAM



 George Yarborough was indicted for burglary of a habitation, enhanced by eight
prior felony convictions. Appellant entered a guilty plea, and elected to have the court assess
punishment, which it set at sixty years' imprisonment. We will affirm the judgment of conviction.
 

 In one point of error, appellant contends his counsel rendered ineffective assistance
because he should not have been advised to plead guilty and have the judge assess punishment. 
Rather, he contends that he should have been advised to plead not guilty and try the case, or to
plead guilty but have the trial on punishment in front of a jury.

 To show ineffective assistance of counsel, a convicted defendant must (1) show that
his trial counsel's performance was deficient, in that counsel made such serious errors he was not functioning effectively as counsel, and (2) show that the deficient performance prejudiced
the defense to such a degree that appellant was deprived of a fair trial. Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). A strong
presumption exists that counsel rendered adequate assistance and made all significant decisions
in the exercise of reasonable professional judgment. "Prejudice" is demonstrated when the
convicted defendant shows a reasonable probability that, but for counsel's unprofessional error,
the result of the proceedings would have been different. Strickland at 694. A reasonable
probability is a probability sufficient to undermine the confidence in the outcome. Ex parte
Guzmon, 730 S.W. 2d 724, 733 (Tex. Crim. App. 1987).

 We judge whether the Strickland standard has been met by the "totality of the
representation," rather than by isolated acts or omissions of trial counsel, and we apply the test
at the time of trial, not with hindsight. Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim.
App. 1986), cert. denied, 480 U.S. 940 (1987). That another attorney might have taken different
actions at trial will not support a finding of ineffectiveness. Walston v. State, 697 S.W.2d 517,
519 (Tex. App. 1985, pet. ref'd). The defendant has the burden of proving ineffective assistance
of counsel.

 Appellant has not met his burden of proof to show ineffective assistance. Appellant
has not demonstrated errors on the part of counsel, much less any serious errors that prejudiced
his defense and deprived him of a fair trial. Appellant took police officers to the scene of the
crime and helped them recover stolen property in the hope of receiving lighter sentences for this
and other burglaries. In view of the fact that this information would have been available to the
State to use at trial, we cannot say it was error for counsel to advise appellant to plead guilty to
a judge. At the punishment hearing, the eight prior convictions alleged in the indictment were
introduced into evidence before the judge. In addition, evidence that appellant was a substance
abuser, also had convictions for four robberies in Kerrville, and had committed four robberies in
Blanco County was adduced. In view of appellant's long criminal record, it was a valid trial
strategy to have the judge consider punishment, with the premise that he might be willing to
consider factors such as appellant's desire, expressed at the punishment hearing, to enter a drug
rehabilitation program. Appellant has produced nothing to suggest that counsel's strategy fell
below the level of reasonably effective assistance, much less that it prejudiced him.

 We overrule appellant's point of error and affirm the judgment of conviction.


[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed: January 8, 1992

[Do Not Publish]