IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-192-CR





RICHARD O. BATES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 911,575, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING



 





PER CURIAM

 Appellant, after a plea of not guilty, was found guilty by a jury of the offense of
indecency with a child. Tex. Penal Code Ann. § 21.11(a)(1) (1981). The trial court assessed
punishment, enhanced by two previous felony convictions, (1) at seventy-five years' imprisonment. 
In one point of error, appellant asserts he was denied effective assistance of counsel in violation
of the sixth amendment to the United States Constitution. We will affirm the judgment of
conviction.

 To prevail on his ineffective assistance claim, appellant must show: (1) that
counsel's performance was deficient, in that counsel made such serious errors she was not
functioning effectively as counsel; and (2) the deficient performance prejudiced the defense to such
a degree that appellant was deprived of a fair trial. Strickland v. Washington, 466 U.S. 688
(1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). In deciding an
ineffectiveness claim this court must judge the reasonableness of counsel's challenged conduct on
the facts of the particular case, viewed at the time of counsel's conduct. Appellant must identify
the acts or omissions of counsel that are alleged not to have been the result of reasonable
professional judgment. The court must then determine whether, in light of all the circumstances,
the identified acts or omissions were outside the wide range of professionally competent
assistance. Strickland, 466 U.S. at 690. "Prejudice" is demonstrated when the convicted
defendant shows that there is a reasonable probability that, but for counsel's unprofessional errors,
the result of the proceeding would have been different. A reasonable probability is a probability
sufficient to undermine confidence in the outcome. Id. at 694; Ex parte Guzmon, 730 S.W.2d
724, 733 (Tex. Crim. App. 1987). It is appellant's burden to prove an ineffective- assistance
claim. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985).

 Appellant asserts he was denied effective assistance of counsel because his trial
counsel failed to advance the defense of promiscuity when she released two defense witnesses
from their subpoenas.

 The statute under which appellant was convicted provides a promiscuity defense. 
Tex. Penal Code Ann. § 21.11(b) (1989). (2) Defense counsel first attempted to elicit testimony
related to a promiscuity defense during an initial hearing on the State's motion in limine. In its
motion, the State had included the following request:


 

NOW COMES the State of Texas by and through the undersigned Assistant
District Attorney, and requests the Court to instruct counsel for the Defendant, the
Defendant, and all witnesses called to testify by the Defendant not to refer to,
mention, ask about, or allude to, either directly or indirectly, without first having
taken up the matter with the Court out of the presence of the jury the following:


 17. Any evidence of or reference by defense counsel (including
voir dire examination and cross-examination), to previous sexual
conduct of any State's witness including references/evidence
pertaining to the pregnancy of the complaining witness, [name
omitted], without first approaching the bench;



Defense counsel specifically objected to this request and the trial court held a hearing outside the
presence of the jury to hear evidence related to item number 17. 

 First, the court heard the complainant testify, on direct examination by the State,
that she had engaged in no prior sexual contact or conduct of any kind before the date of the
alleged offense, July 17, 1989. She testified to having sexual intercourse after the date of the
offense with one Dominique Romo, by whom she had a child. 

 On cross-examination of the complainant, defense counsel elicited the following
testimony relative to the promiscuity defense:


 

Q: When did you begin dating boys?


A: When I was 16.


Q: Sixteen?


A: Yes.


Q: Did you ever know someone by the name of Alex Arellano?


A: Yes.


Q: And did you have occasion to date him or go places with him before the age
     of 16?


A: No.


Q: You never had any sexual contact with him?


A: No.


Q: Did you have occasion to know Charles Arellano?


A: Yes.


Q: And did you date him in any respect?


A: No.


Q: Never had any sexual contact with him?


A: No.



 At the conclusion of complainant's testimony, defense counsel informed the court
that she had no further witnesses at that time, but that two subpoenaed defense witnesses, Alex
and Charles Arellano, were to be attached. The trial court issued a preliminary ruling disallowing
the testimony regarding complainant's sexual behavior after the date of the alleged offense since
the promiscuity defense is specifically limited to a complainant's sexual contacts or conduct before
the date of the alleged offense.

 After the State rested its case in chief and the defense concluded examining the
complainant on recall, a second hearing to consider item number 17 of the State's motion in limine
was held outside the presence of the jury. Defense counsel called Charles Arellano. On direct
examination, Charles testified that when he lived on Prado Street two years earlier, and before
the date of the alleged offense, he had known the complainant and her family. He further testified
that he had never gone out with the complainant. However, his friends Andrew Castillo, Tony
Romo, and Andrew's cousin, Bebe, had gone out with her. In response to defense counsel's
questioning, Charles further testified that Castillo, Romo and Bebe had each told him they had
been "to bed with" the complainant.

 Defense counsel next called Alex Arellano, who had also lived on Prado Street until
1987 and had known the complainant at that time. Alex testified that on one occasion when he
and the complainant were eleven or twelve years old, he had intercourse with the complainant. 
He also testified that Pete Rodriguez and Andrew Castillo told him "they had like relationship with
her or they used to mess around with her and stuff like that."

 The State objected to admission of the Arellanos' testimony in part, as follows:


 

It is our position that anything other than that one encounter [with Alex Arellano]
would be inadmissible hearsay. No witnesses have any personal knowledge of
anything else. We limit ourselves to that one individual incident, and our position
on that is two things: First of all, a single act with one person in the past does not
rise to promiscuity and there is [sic] cases on that.



The Court ruled, "I find that one act is all that I have heard any testimony or evidence on, and
that is not promiscuous behavior, assuming it is true."

 Defense counsel requested the opportunity to subpoena two of the witnesses named
as having had relations with the complainant. After defense counsel advanced this request a
second time, in a request for a continuance, the trial court granted defense counsel's request to
allow the defense time to locate the two witnesses. 

 The next morning defense counsel informed the court:


 

Your Honor, we did locate the witnesses and I spoke with both of them, and they
indicated they were aware of what the case was about and they had spoken with
[the complainant] and they were unwilling to testify against her; therefore, I
released them from their subpoena.



 Appellant's ineffective assistance claim rests on counsel's decision to release the
witnesses from their subpoenas. Counsel is strongly presumed to have rendered adequate
assistance and to have made all significant decisions in the exercise of reasonable professional
judgment. Strickland, 466 U.S. at 690. Looking at the totality of the circumstances at the time
of counsel's conduct, we cannot say the decision to release the witnesses was not based on sound
trial strategy. This is not a situation where trial counsel wholly failed to pursue a promiscuity
defense, or pursued it half-heartedly. 

 The record reflects that appellant's trial counsel attempted to develop testimony
sufficient to raise a promiscuity defense. The two incidents of sexual conduct adduced, however,
were excluded, one because it occurred after the date of the alleged offense and therefore beyond
the time frame for which the defense applies; the other because it was evidence of only one
previous act, which the court ruled did not rise to the level of promiscuous conduct. Appellant's
trial counsel also twice requested, and ultimately obtained from the trial court, time to locate two
of the witnesses named by Arellanos as having engaged in sexual relations with the complainant
before the date of the alleged offense. Appellant's trial counsel subsequently located and
interviewed the two witnesses. After talking to them, she elected to release them from their
subpoenas.

 It would be unreasonable to presume that appellant's counsel learned of testimony
supporting the defense and elected not to call the witnesses simply because "they were unwilling
to testify," especially in light of the fact that she had the power to compel their testimony if she
wished (they were under subpoena) and because she had previously attached two witnesses under
subpoena when they failed to appear. Rather, it is reasonable to presume, instead, that counsel
determined that the witnesses had no testimony to offer in support of the defensive theory or that
their testimony would be harmful to the appellant.

 Appellant has not met his burden of proof to show ineffective assistance. He has
not demonstrated that counsel's decision to release the witnesses from their subpoena was error,
much less that it prejudiced him. In light of all the circumstances related to defense counsel's
conduct in developing and pursuing the promiscuity defense, we conclude that her acts do not fall
outside the wide range of professionally competent assistance, but instead evidence a valid
exercise of trial strategy. That another attorney might have taken different action at trial will not
support a finding of ineffectiveness. Walston v. State, 697 S.W.2d 517, 519 (Tex. App. 1985,
pet. ref'd). Counsel's performance was not deficient and appellant was not deprived of a fair
trial. 

 We overrule appellant's point of error and affirm the judgment of conviction.


[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed: January 22, 1992

[Do Not Publish] 
1.   Appellant's prior felony convictions are for attempted sexual abuse and arson.
2.   Section 21.11(b) provides:


 It is a defense to prosecution under this section that the child was at the time of
the alleged offense 14 years or older and had, prior to the time of the alleged
offense, engaged promiscuously in:


 (1) sexual intercourse;

 (2) deviate sexual intercourse;

 (3) sexual contact; or

 (4) indecent exposure as defined in Subsection (a)(2) of this section.


(emphasis added).