IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-356-CR




WESLEY ARNOLD FINGERS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT 


NO. 92-096-K277, HONORABLE BURT CARNES, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of possessing twenty-eight grams or more of cocaine
with intent to deliver. Texas Controlled Substances Act, Tex. Health & Safety Code Ann.
§ 481.112 (West 1992). (1) The jury assessed punishment at imprisonment for ninety years and a
$10,000 fine.

 Appellant was stopped by a Department of Public Safety trooper for traffic
offenses. During a subsequent pat-down search, a plastic bag containing approximately one
hundred rocks of crack cocaine was found in appellant's coat pocket. Appellant testified that the
cocaine was not his and that he was surprised by its discovery. Appellant stated that he loaned
his coat to another man the night before, and that this man must have left the cocaine in the
pocket.

 In his first two points of error, appellant complains that the State was erroneously
permitted to impeach him with proof of an unadjudicated extraneous offense. Ordinarily, neither
the defendant nor any other witness may be impeached with proof of an arrest or criminal charge
that does not result in a conviction. Tex. R. Crim. Evid. 608(b), 609. But a defendant who
testifies may be impeached by evidence of an unadjudicated offense if, in his direct testimony, he
creates a false impression with respect to his prior trouble with the law. Prescott v. State, 744
S.W.2d 128, 131 (Tex. Crim. App. 1988); Ochoa v. State, 481 S.W.2d 847, 850 (Tex. Crim.
App. 1972). 

 During his direct testimony, appellant was questioned as follows:



Q You've been in trouble with the law before, haven't you?


A Yes, I have.


Q You were picked up in Austin for an offense. What was it?


A For unlawfully carrying a weapon.


Q What sort of a weapon was that?


A It was .357.



Later, during cross-examination and over objection, the prosecutor adduced the testimony that is
the subject of these points of error.



Q Mr. Fingers, do you recall earlier when you and your lawyer were talking,
you stated that you had been in trouble with the law before and that was for
a carrying a weapons case in Austin. Do you remember stating that?


A Yes.


Q Well, isn't it also true that you have been in trouble with the law before in
Killeen, Texas, in September of '91 when you were arrested for possessing
crack cocaine?


A Yes, I have been convicted on that.


Q Isn't that case still pending?


A Yes, I think so.



The district court correctly ruled that appellant's direct testimony left the false impression that his
Austin arrest was his only previous trouble with the law and thus opened the door to the State's
cross-examination. See Bell v. State, 620 S.W.2d 116, 126 (Tex. Crim. App. 1981) (opinion on
motion for rehearing); Reese v. State, 531 S.W.2d 638, 641 (Tex. Crim. App. 1976). Point of
error one is overruled.

 We find no merit in appellant's argument that the probative value of the extraneous
drug arrest was substantially outweighed by the danger of unfair prejudice. Tex. R. Crim. Evid.
403. Appellant's testimony regarding the extent of his criminal record opened the door to an
inquiry by the State as to the accuracy of that testimony. Prescott, 744 S.W.2d at 131. The
unadjudicated offense was the only evidence available to the State to correct the false impression
left by appellant's direct testimony. Point of error two is overruled.

 In his third and fourth points of error, appellant contends that he was not afforded
his state and federal constitutional right to effective assistance of trial counsel. To succeed in this
claim, appellant must demonstrate that counsel was guilty of acts or omissions that were outside
the wide range of professionally competent assistance, and that there is a reasonable probability
that but for counsel's errors the result of the trial would have been different. Strickland v.
Washington, 466 U.S. 668, 690-92 (1984); Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App.
1986). 

 Appellant first complains that his trial attorney should have adduced evidence
concerning the propriety of the initial traffic stop. The officer testified that he stopped appellant's
car because it was speeding and because a brake light was not functioning. At the hearing on
appellant's motion to suppress evidence, appellant testified that he was not speeding and that his
brake lights were not defective. Appellant urges that this same testimony should have been
presented at trial, thereby entitling him to an instruction on probable cause. Tex. Code Crim.
Proc. Ann. art. 38.23 (West Supp. 1993).

 When evaluating an ineffective assistance of counsel claim, we must review the
totality of counsel's representation and, in so doing, avoid the distorting effects of hindsight. 
Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986); Ex parte Burns, 601 S.W.2d
370, 371 (Tex. Crim. App. 1980). That another attorney would have pursued a different course
of action at trial does not constitute a showing of ineffectiveness. Walston v. State, 697 S.W.2d
517, 519 (Tex. App.--San Antonio 1985, pet. ref'd). In this cause, the decision was made to base
appellant's defense on his claim that the cocaine had been left in his coat pocket without his
knowledge or consent. The success of this defensive strategy depended on the jury believing
appellant's exculpatory testimony. Trial counsel could reasonably believe that it would be
counterproductive to attack the credibility of the arresting officer with regard to probable cause,
thereby forcing the jury to weigh appellant's credibility against that of the officer. If, as was
likely, the jury believed the officer and not appellant on this point, the jury might be less inclined
to believe appellant's other defensive testimony. Appellant has failed to demonstrate that
counsel's tactical decision to abandon the probable cause issue at trial was not the result of sound
trial strategy.

 Appellant next complains that counsel did not cross-examine Bill Ginn, the
Department of Public Safety chemist who analyzed the cocaine. Ginn testified that the rocks
weighed 35.60 grams. Based on his analysis of sixteen of the rocks, Ginn determined that the
rocks contained 28.48 grams of pure cocaine. Appellant notes that Ginn based his testimony as
to the total amount of pure cocaine on the assumption that all of the rocks were identical to those
tested. Appellant argues that Ginn should have been cross-examined concerning the accuracy of
that assumption, noting that only a small decrease in the purity of the remaining rocks would
result in appellant possessing less than the twenty-eight grams of cocaine required for an
aggravated offense. §§ 481.112(c), 481.115(c). Appellant concludes that because trial counsel
failed to cross-examine the chemist, the charge did not include instructions on the lesser included
offenses of possession of less than twenty-eight grams of cocaine with and without intent to
deliver. §§ 481.112(b), 481.115(b). (2)

 It is not at all clear that, through cross-examination, trial counsel could have laid
the basis for instructions on the lesser included offenses. Ginn testified that all of the rocks of
cocaine appeared to be identical. Appellant's belief that the chemist would have conceded the
possibility that the untested rocks contained less cocaine than the others does not appear to be
well-founded. Furthermore, as with the probable cause issue previously discussed, the amount
of cocaine found in appellant's pocket was irrelevant to the defensive strategy pursued at trial. 
Trial counsel could reasonably believe that it was tactically sounder to focus on the one defensive
theory that was consistent with the State's evidence rather than engage in a fruitless attack on the
credibility of the State's expert witness.

 Finally, appellant contends that trial counsel failed to preserve a jury selection
error. This contention is premised on appellant's belief that his challenge for cause to venire
member Robert Gutierrez was erroneously denied by the district court. Defense counsel asked
the panel, "Now, if Mr. Fingers chooses not to testify, what does that mean to you?" Gutierrez,
a county constable, responded, "In my opinion if an individual does not offer an explanation for
their charge, then I feel that they have something to hide." Outside the hearing of the other venire
members, Gutierrez also stated, "[W]hen a person just completely remains silent either by advice
or choice in all the cases that I've been involved with, they've got something to hide." But when
asked by the prosecutor if he could follow the court's instruction not to consider the defendant's
failure to testify in determining guilt or innocence, Gutierrez said, "I would certainly abide by
that, absolutely, but that was not the question that was asked." In response to further questions
by defense counsel, Gutierrez repeated his assurance that he would not consider the failure to
testify as evidence of guilt. Appellant challenged Gutierrez on the ground that "he disqualified
himself based on the questions." The district court denied the challenge because Gutierrez "said
he could follow the law." 

 Appellant argues that the court's ruling on his challenge for cause was erroneous
and that defense counsel was ineffective because he failed to request an additional peremptory
challenge. Appellant reasons that if the additional challenge had been granted, the error would
have been cured. If the additional challenge had been refused, the erroneous ruling would have
been preserved for appellate review. See Harris v. State, 790 S.W.2d 568, 581 (Tex. Crim. App.
1989) (how to preserve error based on denial of defendant's challenge for cause). The flaw in this
argument is that Gutierrez was not shown to be challengeable for cause. Although the venire
member personally believed that silence was a sign of guilt, he unequivocally stated that he would
put that belief aside and follow the law if selected as a juror. The district court did not err by
overruling appellant's challenge for cause. Moody v. State, 827 S.W.2d 875, 886 (Tex. Crim.
App. 1992). It follows that trial counsel was not ineffective for failing to request an additional
peremptory strike. Points of error three and four are overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: September 15, 1993

[Do Not Publish]
1. Unless otherwise indicated, all statutory references in this opinion are to the Texas
Controlled Substances Act.
2. The court did charge the jury on the included offense of possession of more than twenty-eight grams of cocaine. § 481.115(c). The range of punishment for this offense is the same as
for the charged offense.