IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-200-CR




GEORGE WELDON SMITH,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0914870, HONORABLE MACE B. THURMAN, JR., JUDGE PRESIDING


 





PER CURIAM

 Appellant pleaded guilty before a jury to the offenses of aggravated sexual assault
(count one) and indecency with a child (count two). Tex. Penal Code Ann. §§ 21.11, 22.021
(West 1989). The jury assessed punishment at imprisonment for life and a $10,000 fine on count
one, and at imprisonment for twenty years and a $10,000 fine on count two.

 The complainant testified that, beginning when he was ten years old and for four
years thereafter, appellant induced him with gifts to submit to a variety of sexually abusive acts. 
Among other things, appellant touched the complainant's penis with his hand and his mouth,
penetrated the complainant's anus with his finger, and caused the complainant to touch appellant's
penis. Appellant also showed the boy pornographic videotapes, took pictures of the boy naked
and in various stages of sexual arousal, and had the boy take similar pictures of appellant. In his
own testimony, appellant admitted all of the acts described by the complainant. 

 In his only point of error, appellant contends that he was not afforded effective
assistance by trial counsel. The test for effective assistance of counsel at the punishment stage of
a non-capital offense is (1) whether counsel was reasonably likely to render effective assistance,
and (2) whether counsel reasonably rendered effective assistance. Craig v. State, 825 S.W.2d
128, 130 (Tex. Crim. App. 1992). Appellant does not allege that trial counsel did not adequately
investigate the facts or the law, or was otherwise unprepared to render effective assistance. Thus,
the issue before us is whether counsel did render reasonably effective assistance at trial. 

 Appellant first complains that trial counsel did not object to testimony describing
extraneous acts of sexual misconduct with a second boy, and in fact elicited such testimony in his
own questioning of appellant. The police officer who arrested appellant testified that when he
knocked on the door of appellant's house, it was opened by a naked twelve-year-old boy. 
Appellant was in his bedroom, also naked. Photographs of this second boy similar to those of the
complainant were found in appellant's house and introduced in evidence, and appellant admitted
in his direct testimony having had a lengthy sexual relationship with the boy. According to
appellant, the complainant and the second boy were the only children with whom he ever engaged
in improper sexual conduct.

 Appellant's psychologist, who had been treating him for approximately eight
months at the time of trial, testified that appellant is not a pedophile; that is, he did not have a
compulsion to engage in sexual conduct with children. The witness also testified that appellant
was motivated to change and had responded well to therapy. In his closing argument, defense
counsel made a vigorous plea for probation.

 It is obvious that appellant and his attorney believed that appellant had no hope of
acquittal, and sought instead to minimize the punishment assessed. To this end, appellant
admitted his guilt, expressed his remorse and desire to reform himself, and otherwise sought to
be candid with the jury. Appellant was questioned by defense counsel as follows:



Q Was it your understanding, as I think was discussed with the jury on voir
dire, that you could plead guilty to this offense and never testify?


A Yes, sir.


Q That you could plead guilty to this indictment which alleges conduct with
[the complainant] and never have a word mentioned about [the other boy]?


A Yes, sir.


 . . . .


Q What are you asking this jury to do, Mr. Smith?


A I am asking them and telling them that I have done some good things in my
life and what they have heard today is what I have done is wrong. . . . I
hope that I have an opportunity at some point to be outside in the world to
show that I can be a good citizen, do what I am supposed to, stay away from
that kind of conduct, continue my therapy, even if that goes for the rest of
my life, then that is what I am going to do, because that kind of thing has to
stop.



This testimony demonstrates that appellant's admission of his sexual involvement with the other
boy was part of his trial strategy, and that appellant made the admission with a full understanding
of his legal rights. See McFarland v. State, 845 S.W.2d 824, 848 (Tex. Crim. App. 1992). That
another attorney might have chosen a different course of action at trial does not support a finding
of ineffectiveness. Walston v. State, 697 S.W.2d 517, 519 (Tex. App.--San Antonio 1985, pet.
ref'd).

 Appellant also complains that defense counsel made disparaging comments about
him during voir dire. We have examined each of the statements about which appellant complains
in the context in which they were made. We find that in each instance, counsel was attempting
either to emphasize the defensive policy of full disclosure or to determine the panelists' views with
respect to the appropriate punishment in child sexual abuse cases.

 Finally, appellant complains that defense counsel did not question the potential
jurors regarding any prejudice they might have against homosexuals or homosexual behavior. In
fact, counsel did question the panel on this subject, albeit after a venire member asked him why
he had not mentioned the subject of homosexuality. We also note that appellant testified he is not
homosexual, and there is no evidence to the contrary.

 Appellant has failed to demonstrate that trial counsel's performance at trial was
outside the wide range of reasonably competent assistance. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: February 2, 1994

Do Not Publish