Michael George KLUEPPEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 47142.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Duane G. Stephens, Tyler, for appellant.

Curtis Owen, Dist. Atty., Tom Tatum, Asst. Dist Atty., Tyler, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of marihuana. Punishment was assessed by the jury at twenty years.

The record reflects that appellant was arrested in Tyler on February 8, 1972. The vehicle appellant was driving was searched and a sack found therein was seized, containing six and one-half pounds of marihuana.

Appellant contends that "the court erred in allowing improper jury argument."

The record reflects that the following occurred during the State's argument at the punishment phase of the trial:

"I guess you say, or you hear people say, why don't they do something? We have got these drugs, why don't they do something? Ladies and Gentlemen, y'all are they. You are here and it may be a tough job, it may be the hardest job you have ever done in your life, and it may cause you to lose a little bit of sleep, but I'm asking you for the County of Smith, City of Tyler, the people here in our community, to go back in that Jury Room and talk about the things that the law contemplates you will talk about. What number of years do we have to give to get somebody else to open their eyes? And I'm telling you, it's just as true as it can be, what you do back there, as Mr. Crow said, you set the price, you set the price right here. *You come back and in essense (Sic) say, we the Jury, find that the cost for possessing six and a half pounds of marijuana and LSD and selling it and all these other things that he has done, is, and you put in a figure in that slot.* (Emphasis supplied.)

"We are asking you not for us, we don't get paid a—.

"MR. STEPHENS: May it please the Court, I request that you instruct the Jury not to follow for all these other things that he has done, because the man stands charged with one thing, Your Honor, and one thing only, and that is possession of marijuana, and according to the Court's instructions, they cannot consider the other things as his penalty.

"THE COURT: Okay, overrule. Go ahead."

The evidence introduced at the guilt stage of the trial reflects that in addition to marihuana the bag seized in appellant's car contained a number of L.S.D. capsules, L.S.D. powder, secobarbital (identified by a chemist as a barbiturate) and methapyri-

lene (described by a chemist as a weak tranquilizer used in commercial sleep tablets and sometimes used to cut heroin). Appellant, testifying in his own behalf, denied knowledge of the contraband being in the car he was driving. On cross-examination appellant admitted that he had been arrested for the sale of L.S.D. Jerry Hall, the informer who furnished officers with the information which led to appellant's arrest, testified regarding a purchase of L.S.D. from appellant on February 4, 1972, and that he attended a party on said date at which appellant furnished the marihuana and gave an L.S.D. tablet to one of the girls present. Deputy Sheriff Sanders testified that two nights prior to the arrest in question a person he attempted to apprehend fled from him in an automobile and an informer told him that it was appellant.

In Albrecht v. State, Tex.Cr.App., 486 S.W.2d 97, it was stated:

"This court has consistently held that an accused is entitled to be tried on the accusation made in the State's pleading and that he should not be tried for some collateral crime or for being a criminal generally." (numerous authorities omitted.)

▮ A fortiori an accused should not be assessed punishment for collateral crimes or for being a criminal generally, but is entitled to be punished upon the accusations in the indictment for which he has been found guilty. While the facts and circumstances surrounding the commission of an offense are admissible on the question of guilt and may be considered in determining the punishment to be assessed as in Dunlap v. State, Tex.Cr.App., 462 S.W.2d 591 (in *Dunlap,* the facts and circumstances surrounding the offense included evidence of another crime), the State is not entitled to ask the jury to assess punishment for the collateral crimes which may have been admitted in evidence and add such punishment to the penalty assessed for the offense alleged in the indictment.

Undoubtedly, the prosecutor's plea in the instant case was based on the fact that there was evidence that appellant possessed L.S.D. at the time he was arrested, had sold L.S.D. four days prior to the date of his arrest and that he possessed a sufficiently large quantity of marihuana when he was arrested to justify the conclusion that same was possessed for the purpose of sale. The prosecutor's plea to find the "cost" for "all these other things that he has done" does not specify what other offenses for which punishment was sought, but could refer to evidence of appellant fleeing from an officer two days before he was arrested, furnishing marihuana for a party four days before he was arrested, and possessing secobarbital and methapyrilene at the time of arrest.

▮ The complained of argument goes beyond the bounds of asking the jury to consider the circumstances surrounding the offense in fixing punishment. Likewise, the argument is not to be confused with arguments which request the jury to consider the "criminal record" of the accused, introduced at the punishment stage of the trial, pursuant to the provisions of Article 37.07, Section 3(a), Vernon's Ann.C.C.P.

The prosecutor, in his argument, in effect asked the jury to try, convict and affix punishment for appellant for possessing L.S.D., selling marihuana, selling L.S.D. "and all those other things he has done" and add the penalties given therefor to the punishment they assessed for possession of marihuana, the offense for which appellant was charged, tried and convicted by the jury.

In light of the twenty year sentence assessed appellant, we cannot say that the error in the State's argument was harmless beyond a reasonable doubt.

▮ In appellant's ground of error in which complaint is made of the argument discussed, numerous other arguments of the State are set out which appellant urges require reversal. Appellant's ground

of error is not, as the State argues, in compliance with Article 40.09, Section 9, V.A.C.C.P., requiring that each ground of error be set forth separately. Nevertheless, in view of the gravity of the error, we have concluded that same merits review in the "interest of justice" under Section 13 of Article 40.09, V.A.C.C.P.

For the error discussed, the judgment is reversed and the cause remanded.

Opinion approved by the Court.