No. 04-98-00356-CR



Diana SALINAS,


Appellant



v.



STATE of Texas,


Appellee



From the 186th Judicial District Court, Bexar County, Texas


Trial Court No. 96-CR-5120-B


Honorable Terry McDonald, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: July 30, 1999


AFFIRMED


 Diana Salinas appeals the trial court's judgment convicting her of aggravated assault with
a deadly weapon and sentencing her to twenty years in prison. We affirm.

Jury Charge


 In her first point of error, Salinas contends the trial court reversibly erred in refusing to limit
the definitions of the culpable mental states to the result of her conduct. See Cook v. State, 884
S.W.2d 485, 491 (Tex. Crim. App. 1994). However, as the State points out, the application
paragraph on aggravated assault instructed the jury to find Salinas guilty of aggravated assault only
if it found she "intentionally or knowingly cause[d] bodily injury to Raul Ybarra, by cutting or
stabbing the said Raul Ybarra with said deadly weapon, or caused serious bodily injury to Raul
Ybarra ...." Accordingly, the claimed error is not reversible. Barcenes v. State, 940 S.W.2d 739, 743-44 (Tex. App.--San Antonio 1997, pet. ref'd). We therefore overrule Salinas' first point of error.

Jury Argument


 In her second point of error, Salinas argues the trial court erred in overruling her objections
to improper argument by the prosecutor during the punishment phase. However, as detailed in the
State's brief, Salinas did not preserve the alleged errors under the rules set forth in Cockrell v. State,
933 S.W.2d 73, 89 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1173 (1997) and Burks v. State,
876 S.W.2d 877, 908 (Tex. Crim. App. 1994), cert. denied, 513 U.S. 1114 (1995). See Jones v. State,
900 S.W.2d 392, 397 (Tex. App.--San Antonio 1995, pet. ref'd). We therefore overrule Salinas'
second point of error and affirm the judgment.


 Sarah B. Duncan, Justice

Do not publish