BIGGINS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-086-CR

ARTHUR RICKEY BIGGINS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Arthur Rickey Biggins appeals his conviction of aggravated sexual assault of a child.  He argues that (1) the trial court erred in admitting a prior videotaped statement of the complaining witness as an outcry statement; (2) the trial court erred in admitting opinion testimony of a non-expert witness concerning the traits of a typical sexually abused child; and (3)

the trial court erred in denying his motion for directed verdict.  We affirm.

Factual Background

On or about August 24, 1998, twelve-year-old A.Y. stayed home from school because she was sick.  Appellant, her stepfather, was the only other person home at the time.  While A.Y. was lying on her stomach on the couch watching television, appellant started massaging A.Y.’s back.  He massaged lower and lower until he reached her buttocks. 

Appellant then got up to close the blinds in the living room, removed A.Y.’s pants, and got on top of her.  Appellant tried to push his penis into her anus; however, A.Y. clenched her muscles and prevented him from penetrating her.  Appellant then told her in a soft-spoken voice to turn over.  A.Y. told appellant she needed to use the bathroom.  She then ran and locked herself in the bathroom for the next thirty minutes.  While she was locked in the bathroom, appellant brought A.Y. her pants and some unidentified pills, which he instructed her to take.  A.Y. remained in the bathroom until appellant told her they were going to go get her mother from work.

A.Y. did not tell her mother anything because she was scared; however, she started to spend more time at her grandmother’s home because she wanted to avoid appellant.  In January of 2001, A.Y. told her aunts and grandmother that appellant had done something to her.  They took A.Y. to the Denton County Child Advocacy Center (advocacy center), where Avis Clark, a Child Protective Services investigator, interviewed her.  A.Y. then began therapy sessions with intern Katie Arnold.  

Appellant was charged and convicted for aggravated sexual assault of a child.  
See
 
Tex. Penal Code Ann
. § 22.021(a)(1)(B)(iv) (Vernon 2003).  The jury sentenced him to life imprisonment. 

Directed Verdict

In his third point, appellant argues that the trial court erred in denying his motion for directed verdict because the record indicates no evidence that appellant’s sexual organ made any contact with A.Y.’s anus.  The State responds that the evidence is legally sufficient to support the contact; therefore, the court properly denied the motion.

We treat a point on appeal complaining about a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence.  
Williams v. State
, 937 S.W.2d 479, 482  (Tex. Crim. App. 1996). Evidence is legally sufficient when, viewed in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

The Texas Penal Code states that a person commits the offense of aggravated sexual assault when he intentionally or knowingly causes the anus of a child to contact the sexual organ of another person, including the actor.  
Tex. Penal Code Ann
. § 22.021(a)(1)(B)(iv).
(footnote: 2)  A.Y. testified that when appellant lay down on her, she felt something hard.  She knew it was a penis because she knew what other body parts felt like, and it was something she had never felt before.  A.Y. agreed that appellant’s penis would have been in the correct position to push up against her anus.  She admitted he failed to penetrate her because she clenched her buttocks’ muscles; however, she felt him trying to push inside of her.  She further testified that it hurt when appellant tried to push inside of her.

  Accordingly, applying the appropriate standard of review,
(footnote: 3) we hold that the evidence is legally sufficient to prove that appellant’s penis made contact with A.Y.’s anus, thus the trial court properly denied appellant’s motion for a directed verdict.
(footnote: 4)  
Se
e 
Mallet v. State
, 9 S.W.3d 856, 864 (Tex. App.—Fort Worth 2000, no pet.) (holding a rational jury could have determined beyond a reasonable doubt that appellant's penis contacted and penetrated complainant’s anus); 
Jones v. State
, 900 S.W.2d 392, 399  (Tex. App.—San Antonio 1995, pet. ref’d) (holding evidence legally sufficient when complainant testified that defendant touched her behind with his penis and that it hurt because jury could properly conclude from common knowledge what part of the behind would hurt when “touched” with a penis, and what force was required).  
We overrule appellant’s third point.

Expert Testimony

In his second point, appellant alleges that the trial court erred in admitting opinion testimony of a non-expert concerning traits of a typical sexually abused child.  Specifically, appellant complains that the trial court erred in overruling his rule 702 objection.  
Tex. R. Evid
. 702.  The State responds that Katie Arnold’s qualifications were sufficient for her to testify as an expert. 

Arnold was an intern at the advocacy center and helped treat and counsel A.Y. after her assault.  Appellant objected to her testifying for the State based on her answers to two questions, specifically, that she had no specialized training in dealing with sexually abused children and that she had been working at the advocacy center for only a few weeks before seeing A.Y.

The qualification of a witness to testify as an expert is a determination that rests largely within the discretion of the trial court.  
Sterling v. State
, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1213 (1991).  No rigid formula is used in determining whether a particular witness is qualified to give expert testimony, and an expert witness's knowledge or experience about a relevant issue must only exceed that of an average juror.  
Gregory v. State
, 56 S.W.3d 164, 179 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. dism'd)
; Gonzales v. State
, 4 S.W.3d 406, 417 (Tex. App.—Waco 1999, no pet.); 
Bui v. State
, 964 S.W.2d 335, 344 (Tex. App.—Texarkana 1998, pet. ref'd)
.  The special knowledge which qualifies a witness to give an expert opinion may be derived from specialized education, practical experience, a study of technical works, or a varying combination of these things.  
Wyatt v. State
, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000).   
The trial court's decision to allow expert testimony will not be disturbed on appeal absent a clear abuse of discretion.  
Id
.

After reviewing all of Arnold’s background, we cannot say that the trial court abused its discretion by allowing her to testify as an expert.  She received her bachelor of arts degree in psychology from Texas A&M and her masters in counseling education from the University of North Texas.  Although she did not receive any specific training in sexual abuse in her educational background, she did take classes in child and adolescent psychology, child development, and specialized training in play therapy.

Arnold began interning at the advocacy center in January of 2001 and continued her internship for ten months.  During this time, she worked with sexually abused children and their families.  Arnold also received training from Rose Boehm, the clinical director of the center, in the areas of sexual abuse and counseling sexually abused children.  She further testified that since 2001, she had counseled approximately forty to fifty sexually abused children.  After leaving the center, Arnold went to work for the Arlington Women’s Shelter’s youth program as a counselor, where she continues to counsel abused children between the ages of twelve and nineteen.

When determining whether a witness is qualified to testify as an expert, the court must determine if there is a “fit” between the subject matter at issue and the expert's familiarity with that subject matter. 
Gregory
,  56 S.W.3d at 180; 
see also Gammill v. Jack Williams Chevrolet, Inc
., 972 S.W.2d 713, 719 (Tex. 1998).  Although Arnold may not have had many years of experience in working with sexually abused children, we cannot say that the subject matter at issue and her familiarity with the subject does not “fit.”
(footnote: 5)  Furthermore, her knowledge and experience of sexually abused children exceeds that of an average juror.  
See Gonzales
, 4 S.W.3d at 417. Thus, the record does not reflect that the trial court clearly abused its discretion.  We overrule appellant’s second point.

Outcry Witness

In his first point, appellant argues that the trial court improperly admitted a videotaped statement that A.Y. gave to Avis Clark, a Child Protective Services investigator, as an outcry statement because Clark was not the first person A.Y. told about the assault.  The State responds that the record does not show that the trial court abused its discretion.

A trial court has broad discretion in determining the proper outcry witness.  
Garcia v. State
, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990).   We do not disturb the trial court's determination absent an abuse of discretion.  
Id
. 

The general “outcry” witness rule is that hearsay testimony may be admitted in the prosecution of an offense committed against a child, twelve years of age or younger, provided the witness was the first person age eighteen or older to whom that child made a statement about the offense.  
Tex. Code Crim. Proc. Ann
. art. 38.072 (Vernon Supp. 2003).  The Texas Court of Criminal Appeals has held that the phrase “statement about the offense” means more than words that give “a general allusion that something in the area of child abuse was going on.”  
Garcia
, 792 S.W.2d at 91.  Rather, the statement must describe the alleged offense in some discernable manner.  
Id
.

Here, A.Y. testified that she told her grandmother and aunts what happened to her after a startling event in January of 2001.  The record does not indicate that she told them any details of the abuse.  Crystal Rainwater, A.Y.’s aunt, testified that A.Y. told her “something about something that had happened to her.”  Her testimony does not show that A.Y. described the abuse in “some discernable manner,” as required under 
Garcia
. 
 Id.
  Furthermore, the record implies that A.Y. did not share the details of the abuse with her aunts or grandmother.  Rainwater testified that after A.Y. told them something had happened and they contacted the authorities, they took A.Y. to the advocacy center “where she . . . 
then
 discussed the circumstances.” [Emphasis added.] 

Because article 38.072 demands “more than a general allusion of sexual abuse,” we conclude that the trial court did not abuse its discretion in overruling appellant’s hearsay objection and allowing in the videotaped statement. 
 
Tex. Code Crim. Proc. Ann
. art. 38.072; 
see Garcia
, 792 S.W.2d at 91.  The record simply does not support the argument that Rainwater was the proper outcry witness.  
See Castelan v. State
, 54 S.W.3d 469, 476-77 (Tex. App.—Corpus Christi 2001, no pet.) (holding that school counselor was the proper outcry witness even though victim first told grandmother that defendant “put his thing in through the back”); 
Sims v. State
, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref’d) (holding that family services counselor was proper outcry witness even though complainant first told mother that defendant had “touched her 'private parts'”); 
Schuster v. State
, 852 S.W.2d 766, 767-68 (Tex. App.—Fort Worth 1993, pet. ref’d) (holding that psychologist was proper outcry witness even though complainant had told her mother).  Appellant’s first point is overruled.

Conclusion

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P. 
 47.2(b)

DELIVERED:  April 3, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The statute further requires the victim to be younger than fourteen years of age.  
Tex. Penal Code Ann
. § 22.021(a)(2)(B).  It is uncontested that A.Y. was twelve years old at the time of the assault.

3:
See Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994) (providing legal sufficiency standard of review), 
cert. denied
, 513 U.S. 1192 (1995); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992) (same), 
cert. denied
, 507 U.S. 975 (1993).

4:
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.

5:
We acknowledge that at the time Arnold first met with A.Y., she had been working at the advocacy center for only a few weeks; however, she continued to work with A.Y. over the next eight months.  By the time Arnold testified at trial, she had completed her internship program at the advocacy center and had been working at the Arlington Women’s Shelter.