COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-086-CR
 
ARTHUR RICKEY BIGGINS                                                                    
APPELLANT
V.
THE STATE OF TEXAS                                                                           
STATE
------------
FROM THE 362
ND DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Arthur Rickey Biggins
appeals his conviction of aggravated sexual assault of a child. He argues that
(1) the trial court erred in admitting a prior videotaped statement of the
complaining witness as an outcry statement; (2) the trial court erred in
admitting opinion testimony of a non-expert witness concerning the traits of a
typical sexually abused child; and (3) the trial court erred in denying his
motion for directed verdict. We affirm.
Factual Background
On or about August 24, 1998,
twelve-year-old A.Y. stayed home from school because she was sick. Appellant,
her stepfather, was the only other person home at the time. While A.Y. was lying
on her stomach on the couch watching television, appellant started massaging
A.Y.'s back. He massaged lower and lower until he reached her buttocks.
Appellant then got up to close the
blinds in the living room, removed A.Y.'s pants, and got on top of her.
Appellant tried to push his penis into her anus; however, A.Y. clenched her
muscles and prevented him from penetrating her. Appellant then told her in a
soft-spoken voice to turn over. A.Y. told appellant she needed to use the
bathroom. She then ran and locked herself in the bathroom for the next thirty
minutes. While she was locked in the bathroom, appellant brought A.Y. her pants
and some unidentified pills, which he instructed her to take. A.Y. remained in
the bathroom until appellant told her they were going to go get her mother from
work.
A.Y. did not tell her mother
anything because she was scared; however, she started to spend more time at her
grandmother's home because she wanted to avoid appellant. In January of 2001,
A.Y. told her aunts and grandmother that appellant had done something to her.
They took A.Y. to the Denton County Child Advocacy Center (advocacy center),
where Avis Clark, a Child Protective Services investigator, interviewed her. A.Y.
then began therapy sessions with intern Katie Arnold.
Appellant was charged and convicted
for aggravated sexual assault of a child. See Tex. Penal Code Ann. §
22.021(a)(1)(B)(iv) (Vernon 2003). The jury sentenced him to life imprisonment.
Directed Verdict
In his third point, appellant
argues that the trial court erred in denying his motion for directed verdict
because the record indicates no evidence that appellant's sexual organ made any
contact with A.Y.'s anus. The State responds that the evidence is legally
sufficient to support the contact; therefore, the court properly denied the
motion.
We treat a point on appeal
complaining about a trial court's failure to grant a motion for directed verdict
as a challenge to the legal sufficiency of the evidence. Williams v. State,
937 S.W.2d 479, 482 (Tex. Crim. App. 1996). Evidence is legally sufficient when,
viewed in the light most favorable to the verdict, a rational jury could have
found the essential elements of the offense beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).
The Texas Penal Code states that a
person commits the offense of aggravated sexual assault when he intentionally or
knowingly causes the anus of a child to contact the sexual organ of another
person, including the actor. Tex. Penal Code Ann. § 22.021(a)(1)(B)(iv).(2) 
A.Y. testified that when appellant lay down on her, she felt something hard. 
She knew it was a penis because she knew what other body parts felt like, and it
was something she had never felt before. A.Y. agreed that appellant's penis
would have been in the correct position to push up against her anus. She
admitted he failed to penetrate her because she clenched her buttocks' muscles;
however, she felt him trying to push inside of her. She further testified that
it hurt when appellant tried to push inside of her.
Accordingly, applying the
appropriate standard of review,(3) we hold that
the evidence is legally sufficient to prove that appellant's penis made contact
with A.Y.'s anus, thus the trial court properly denied appellant's motion for a
directed verdict.(4)  See Mallet v.
State, 9 S.W.3d 856, 864 (Tex. App.--Fort Worth 2000, no pet.) (holding a
rational jury could have determined beyond a reasonable doubt that appellant's
penis contacted and penetrated complainant's anus); Jones v. State, 900
S.W.2d 392, 399 (Tex. App.--San Antonio 1995, pet. ref'd) (holding evidence
legally sufficient when complainant testified that defendant touched her behind
with his penis and that it hurt because jury could properly conclude from common
knowledge what part of the behind would hurt when "touched" with a
penis, and what force was required). We overrule appellant's third point.
Expert Testimony
In his second point, appellant
alleges that the trial court erred in admitting opinion testimony of a
non-expert concerning traits of a typical sexually abused child. Specifically,
appellant complains that the trial court erred in overruling his rule 702
objection. Tex. R. Evid. 702. The State responds that Katie Arnold's
qualifications were sufficient for her to testify as an expert.
Arnold was an intern at the
advocacy center and helped treat and counsel A.Y. after her assault. Appellant
objected to her testifying for the State based on her answers to two questions,
specifically, that she had no specialized training in dealing with sexually
abused children and that she had been working at the advocacy center for only a
few weeks before seeing A.Y.
The qualification of a witness to
testify as an expert is a determination that rests largely within the discretion
of the trial court. Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim.
App. 1990), cert. denied, 501 U.S. 1213 (1991). No rigid formula is
used in determining whether a particular witness is qualified to give expert
testimony, and an expert witness's knowledge or experience about a relevant
issue must only exceed that of an average juror. Gregory v. State, 56
S.W.3d 164, 179 (Tex. App.--Houston [14th Dist.] 2001, pet. dism'd);
Gonzales v. State, 4 S.W.3d 406, 417 (Tex. App.--Waco 1999, no pet.); Bui
v. State, 964 S.W.2d 335, 344 (Tex. App.--Texarkana 1998, pet. ref'd). The
special knowledge which qualifies a witness to give an expert opinion may be
derived from specialized education, practical experience, a study of technical
works, or a varying combination of these things. Wyatt v. State, 23
S.W.3d 18, 27 (Tex. Crim. App. 2000). The trial court's decision to allow expert
testimony will not be disturbed on appeal absent a clear abuse of discretion. Id.
After reviewing all of Arnold's
background, we cannot say that the trial court abused its discretion by allowing
her to testify as an expert. She received her bachelor of arts degree in
psychology from Texas A&M and her masters in counseling education from the
University of North Texas. Although she did not receive any specific training in
sexual abuse in her educational background, she did take classes in child and
adolescent psychology, child development, and specialized training in play
therapy.
Arnold began interning at the
advocacy center in January of 2001 and continued her internship for ten months.
During this time, she worked with sexually abused children and their families.
Arnold also received training from Rose Boehm, the clinical director of the
center, in the areas of sexual abuse and counseling sexually abused children.
She further testified that since 2001, she had counseled approximately forty to
fifty sexually abused children. After leaving the center, Arnold went to work
for the Arlington Women's Shelter's youth program as a counselor, where she
continues to counsel abused children between the ages of twelve and nineteen.
When determining whether a witness
is qualified to testify as an expert, the court must determine if there is a
"fit" between the subject matter at issue and the expert's familiarity
with that subject matter. Gregory, 56 S.W.3d at 180; see also
Gammill v. Jack Williams Chevrolet, Inc., 972 S.W.2d 713, 719 (Tex. 1998).
Although Arnold may not have had many years of experience in working with
sexually abused children, we cannot say that the subject matter at issue and her
familiarity with the subject does not "fit."(5) 
Furthermore, her knowledge and experience of sexually abused children exceeds
that of an average juror. See Gonzales, 4 S.W.3d at 417. Thus, the
record does not reflect that the trial court clearly abused its discretion. We
overrule appellant's second point.
Outcry Witness
In his first point, appellant
argues that the trial court improperly admitted a videotaped statement that A.Y.
gave to Avis Clark, a Child Protective Services investigator, as an outcry
statement because Clark was not the first person A.Y. told about the assault.
The State responds that the record does not show that the trial court abused its
discretion.
A trial court has broad discretion
in determining the proper outcry witness. Garcia v. State, 792 S.W.2d
88, 92 (Tex. Crim. App. 1990). We do not disturb the trial court's determination
absent an abuse of discretion. Id.
The general "outcry"
witness rule is that hearsay testimony may be admitted in the prosecution of an
offense committed against a child, twelve years of age or younger, provided the
witness was the first person age eighteen or older to whom that child made a
statement about the offense. Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon
Supp. 2003). The Texas Court of Criminal Appeals has held that the phrase
"statement about the offense" means more than words that give "a
general allusion that something in the area of child abuse was going on." Garcia,
792 S.W.2d at 91. Rather, the statement must describe the alleged offense in
some discernable manner. Id.
Here, A.Y. testified that she told
her grandmother and aunts what happened to her after a startling event in
January of 2001. The record does not indicate that she told them any details of
the abuse. Crystal Rainwater, A.Y.'s aunt, testified that A.Y. told her
"something about something that had happened to her." Her testimony
does not show that A.Y. described the abuse in "some discernable
manner," as required under Garcia. Id. Furthermore, the
record implies that A.Y. did not share the details of the abuse with her aunts
or grandmother. Rainwater testified that after A.Y. told them something had
happened and they contacted the authorities, they took A.Y. to the advocacy
center "where she . . . then discussed the circumstances."
[Emphasis added.]
Because article 38.072 demands
"more than a general allusion of sexual abuse," we conclude that the
trial court did not abuse its discretion in overruling appellant's hearsay
objection and allowing in the videotaped statement. Tex. Code Crim. Proc. Ann.
art. 38.072; see Garcia, 792 S.W.2d at 91. The record simply does not
support the argument that Rainwater was the proper outcry witness. See
Castelan v. State, 54 S.W.3d 469, 476-77 (Tex. App.--Corpus Christi 2001,
no pet.) (holding that school counselor was the proper outcry witness even
though victim first told grandmother that defendant "put his thing in
through the back"); Sims v. State, 12 S.W.3d 499, 500 (Tex.
App.--Dallas 1999, pet. ref'd) (holding that family services counselor was
proper outcry witness even though complainant first told mother that defendant
had "touched her 'private parts'"); Schuster v. State, 852
S.W.2d 766, 767-68 (Tex. App.--Fort Worth 1993, pet. ref'd) (holding that
psychologist was proper outcry witness even though complainant had told her
mother). Appellant's first point is overruled.
Conclusion
Having overruled all of appellant's
points, we affirm the trial court's judgment.
 
                                                                   
   PER CURIAM
 
PANEL F: LIVINGSTON, J.; CAYCE, C.J.;
and DAY, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 3, 2003

1. See Tex. R. App. P. 47.4.
2. The statute further requires the victim to be younger
than fourteen years of age. Tex. Penal Code Ann. § 22.021(a)(2)(B). It is
uncontested that A.Y. was twelve years old at the time of the assault.
3. See Emery v. State, 881 S.W.2d 702, 705 (Tex.
Crim. App. 1994) (providing legal sufficiency standard of review), cert.
denied, 513 U.S. 1192 (1995); Narvaiz v. State, 840 S.W.2d 415,
423 (Tex. Crim. App. 1992) (same), cert. denied, 507 U.S. 975 (1993).
4. See Jackson, 443 U.S. at 319, 99 S. Ct. at
2789.
5. We acknowledge that at the time Arnold first met with
A.Y., she had been working at the advocacy center for only a few weeks; however,
she continued to work with A.Y. over the next eight months. By the time Arnold
testified at trial, she had completed her internship program at the advocacy
center and had been working at the Arlington Women's Shelter.