*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

## MEMORANDUM OPINION

No. 04-08-00591-CR

William C. **SCHILLING**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-7994
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Phylis J. Speedlin, Justice
            Steven C. Hilbig, Justice, concurring in the judgment only

Delivered and Filed:   September 2, 2009

AFFIRMED

William Schilling appeals his convictions for four counts of indecency with a child by contact

and six counts of aggravated sexual assault of a child.  The jury assessed Schilling's  punishment at

20 years confinement for each count of indecency with a child by contact and 50 years confinement

for each count of aggravated sexual assault of a child.  On appeal, Schilling claims: (1) the trial court

erred in denying his motion for directed verdict; (2) the evidence is factually insufficient to support

any of his convictions; (3) arguments by the prosecutor during the punishment stage of the trial deprived him of a fair and impartial punishment proceeding; (4) he is entitled to a new trial because the State failed to disclose evidence favorable to him; and (5) he was denied effective assistance of counsel. We affirm the trial court's judgment.

## BACKGROUND

Schilling and Debbie S. married in 1994, and had one child together on February 2, 1996, Kayla.[1] When the couple married, Debbie already had two children from a prior relationship, Cody and the complainant, B.S. Schilling legally adopted Cody and B.S. in 1996. In April 2004, Schilling and Debbie separated after approximately 10 years of marriage.

Trial testimony indicated that when the couple separated, Schilling began having inappropriate sexual contact with B.S. Over the course of two years, Schilling touched B.S.'s private parts on multiple occasions, and engaged in vaginal, oral, and anal sex with the child numerous times. Child Protective Services ("CPS") began investigating Schilling in February 2006 after receiving an anonymous tip that Schilling was sexually abusing B.S.

CPS investigators spoke with B.S. to determine whether Schilling was sexually abusing her, but B.S. denied any inappropriate contact with Schilling. CPS placed B.S. and her siblings in the care of Schilling's mother pending the results of its investigation. After about a week in Schilling's mother's care, Debbie came and took her children from Schilling's mother. B.S. made an outcry of abuse against Schilling following Debbie's removal of the children from Schilling's mother.

---

[1] To protect the privacy of the parties in this case, we identify the complainant by her initials and her mother and siblings by their first names only.

B.S. underwent a sexual assault examination, and she reported to the examiner that Schilling had been sexually abusing her for well over a year. Schilling was subsequently indicted for committing indecency with a child by contact and aggravated sexual assault of a child. He pleaded not guilty and proceeded to a jury trial. The jury found Schilling guilty of four counts of indecency with a child by contact and six counts of aggravated sexual assault of a child. Schilling was sentenced to 20 years confinement for each count of indecency with a child by contact and 50 years confinement for each count of aggravated sexual assault of a child, with the sentences to run concurrently. The trial court denied Schilling's motion for new trial, and this appeal followed.

### SUFFICIENCY OF THE EVIDENCE

Schilling claims the trial court erred in denying his motion for directed verdict as to Count VI of the indictment, which alleged he intentionally and knowingly caused the female sexual organ of B.S. to contact his mouth on or about August 30, 2004. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (2)(B) (Vernon 2003) (providing a person commits aggravated sexual assault of a child if he intentionally or knowingly causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor, and the child is younger than fourteen years of age). A complaint about a trial court's failure to grant a motion for directed verdict is a challenge to the legal sufficiency of the evidence. *Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003). When reviewing the legal sufficiency of the evidence, we consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "This standard accounts for the factfinder's duty 'to resolve conflicts in the testimony, to weigh the

evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Clayton*, 235 S.W.3d at 778 (quoting *Jackson*, 443 U.S. at 319). Thus, "in analyzing legal sufficiency, we 'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Id.* An appellate court's "review of 'all of the evidence' includes evidence that was properly and improperly admitted." *Id.*

Schilling argues B.S. failed to provide any testimony regarding the touching of his mouth to any part of her sexual organ as was required by Count VI of the indictment. He notes that B.S. testified at length about the various instances of sexual abuse he purportedly committed, but provided no testimony suggesting he contacted her sexual organ with his mouth at any time. Although the jury may not have heard B.S. provide any direct testimony as to the touching of Schilling's mouth to her sexual organ, the jury did hear testimony from Dr. Nancy Kellogg, a pediatrician and the medical director for ChildSafe, indicating such contact occurred. Dr. Kellogg indicated B.S. complained of the specific sexual contact alleged in Count VI of the indictment during B.S.'s sexual assault examination following her outcry. Dr. Kellogg noted B.S. reported during her examination that Schilling made her have sex with him and that "[h]is bottom private area . . . touched [her] bottom private area . . . inside." When B.S. was asked during her examination whether Schilling had contacted her "anywhere else," B.S. responded that Schilling had also used his fingers and mouth to contact her vagina as well. A rational trier of fact could determine Schilling committed the offense alleged in Count VI of the indictment based upon Dr. Kellogg's testimony alone. Thus, after reviewing all the evidence in the light most favorable to the prosecution, we conclude a rational

jury could have found beyond a reasonable doubt that Schilling committed aggravated sexual assault as alleged in Count VI of the indictment. Schilling's second issue is overruled.

Schilling also argues the evidence is factually insufficient to support any of his convictions. When considering a factual sufficiency challenge, we look at the evidence in a neutral light giving almost complete deference to the jury's determinations of credibility. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We reverse only if the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust or if the evidence supporting the verdict is outweighed by the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

According to Schilling, the evidence is factually insufficient to support the jury's verdict on all counts because B.S.'s trial testimony was inconsistent and unreliable. In support of his contention that B.S.'s testimony was inconsistent and unreliable, Schilling cites B.S.'s conflicting testimony concerning the details and dates of her sexual encounters with him. He also points out that the jury heard testimony indicating B.S. had a poor reputation for honesty, and notes that B.S. allegedly told several individuals he had not abused her. Lastly, Schilling directs our attention to the fact that B.S.'s hymen was still intact despite allegedly having sexual intercourse with him multiple times.

In the instant case, B.S. provided detailed testimony concerning Schilling's abuse, including testimony indicating Schilling touched her private parts and engaged in intercourse with her on multiple occasions. The jury was in the best position to evaluate the credibility of the witnesses and was entitled to resolve any credibility issues against Schilling. *See Lancon*, 253 S.W.3d at 705; *see also Stogiera v. State*, 191 S.W.3d 194, 196 (Tex. App.—San Antonio 2005, no pet.) (recognizing the jury evaluates the credibility and demeanor of witnesses and determines the weight afforded

contradicting testimony). The jury apparently believed B.S.'s testimony concerning Schilling's repeated sexual abuse of her, and we must defer to this credibility determination by the factfinder. When all of the evidence is viewed in a neutral light, we cannot say the jury's finding is clearly wrong or manifestly unjust, or that it is against the great weight and preponderance of the evidence. Schilling's sixth issue is overruled.

## IMPROPER JURY ARGUMENT

Schilling claims arguments by the prosecutor during the punishment stage of the trial deprived him of a fair and impartial punishment proceeding. He complains about the following argument and, in particular, the prosecutor's statements describing probation as "a joke":

> And they want to talk to you about probation. *Folks, probation [is] a joke.* Probation means that [Schilling] gets to get to the parking garage before you do today. What does it mean? He has to report a couple of times to his probation officer[.] He can even phone in occasionally. He can go to the Olive Garden, he can go to the movies, he can go anywhere he wants as long as he's not caught. He gets to go to Christmas and family outings and Easter and anything else he wants to do. *It's a joke.* He gets to walk the streets.

(emphasis added). After the prosecutor's second statement describing probation as a joke, defense counsel lodged an objection to the prosecution's description of probation as a joke.

Although the prosecutor made two nearly identical statements describing probation as a joke during his closing argument, defense counsel did not lodge an objection to the first statement made by the prosecutor. The Texas Rules of Appellate Procedure require that all objections be timely, *see* TEX. R. APP. P. 33.1(a)(1), which means the objection must be made at the earliest possible opportunity. *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). Defense counsel's objection to the second statement by the prosecutor does not satisfy the timeliness requirement of Rule 33.1(a). *See* TEX. R. APP. P. 33.1(a)(1); *see also Jones v. State*, 900 S.W.2d 392, 397 (Tex.

App.—San Antonio 1995, pet. ref'd) (concluding appellant's objection to prosecutor's argument not timely because he did not object to earlier use of term "sex slave"); *Smith v. State*, 842 S.W.2d 401, 406 (Tex. App.—Fort Worth 1992, pet. ref'd) (concluding that when prosecutor makes two nearly identical statements, objection to second statement untimely if defendant does not object to first statement). Schilling has thus failed to preserve his complaint for appellate review. Even if this complaint were preserved, the prosecutor's description of probation as a "joke," when viewed in context, is a plea for law enforcement and thus a proper area of argument. *See Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000) (describing plea for law enforcement as one of four general areas of proper jury argument). Schilling's third issue is overruled.

### BRADY VIOLATION

Schilling argues he is entitled to a new trial because the State failed to disclose evidence favorable to him as is required by *Brady v. Maryland*, 373 U.S. 83 (1963). Schilling's *Brady* claim concerns Child Protective Services records containing information relating to the complainant and her family, which he alleges would have aided his defense and allowed him to impeach the credibility of the complainant and her mother at trial. According to Schilling, "[t]he records dumped on the defense attorneys half way through the trial consisted of more than 200 pages of information that contradicted almost all of Debbie and [B.S.'s] testimony." By not having an opportunity to present the records to the jury, Schilling claims the State "was able to present an untrue picture to the jury."

Under *Brady*, the suppression by the prosecution of evidence favorable to the defendant violates due process if the evidence is material either to guilt or punishment, without regard to the good or bad faith of the prosecution. *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006).

When previously withheld evidence is disclosed during the guilt/innocence phase of trial, a defendant has an opportunity to request a continuance. *Schillings v. State*, 995 S.W.2d 754, 762 (Tex. App.—San Antonio 1999, no pet.). The defendant's failure to request a continuance waives any *Brady* violation. *Id.*

The record indicates that when defense counsel was provided with a copy of the records during trial, he did not move for a continuance to examine the records. By failing to request a continuance when the CPS evidence first came to light at trial, Schilling waived any potential *Brady* violation he may have had. Schilling's fourth and fifth issues are overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Lastly, Schilling alleges he received ineffective assistance of counsel. A defendant is entitled to effective assistance of counsel under both the United States and Texas Constitutions. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The right to effective assistance of counsel does not guarantee a defendant errorless representation; instead, it affords a defendant an attorney who is reasonably likely to render effective assistance. *Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). To establish ineffective assistance of counsel, the appellant must show defense counsel's assistance fell below an objective professional standard of reasonableness and counsel's actions thereby prejudiced appellant's defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). In order to establish prejudice, an appellant must show, by a preponderance of the evidence, that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

When reviewing an ineffective assistance claim, "[a]n appellate court looks to the totality of the representation and the particular circumstances of each case." *Thompson*, 9 S.W.3d at 813. There is a strong presumption that defense counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To defeat this presumption, the "record must affirmatively demonstrate the alleged ineffectiveness." *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). Direct appeal is usually an inadequate vehicle for raising an ineffective assistance of counsel claim because the record is generally undeveloped. *Thompson*, 9 S.W.3d at 813-14. Moreover, "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

Schilling's appellate brief lists numerous acts and omissions by defense counsel that he believes demonstrate counsel's representation was deficient. For example, Schilling alleges counsel was deficient in his performance because he: (1) failed to obtain rulings on pretrial motions; (2) failed to request a continuance to secure additional evidence prior to the start of trial; (3) failed to object to inadmissible hearsay evidence; (4) failed to call a medical expert during trial; (5) failed to pose certain questions to the complainant on cross-examination; (6) failed to impeach the complainant and the complainant's mother; (7) failed to establish the predicate to offer several documents into evidence; and (8) exhibited general incompetence. However, the record is silent as to why counsel made the decisions he made during trial. We are therefore left to speculate as to defense counsel's motivation and reasoning during trial, which we may not do. Without affirmative evidence in the record to overcome the presumption of reasonable assistance, we must overrule Schilling's claim of ineffective assistance of counsel. *See generally Grant v. State*, No. 13-08-00424-CR, 2009 WL 1361701, *2 (Tex. App.—Corpus Christi 2009, no pet.) (mem. op.,

not designated for publication) (concluding defense counsel's failure to present available impeachment evidence or thoroughly cross-examine the witnesses did not constitute ineffective assistance where record was silent as to the motivation of counsel's tactical and strategic decisions); *Garza v. State*, No. 01-07-00176-CR, 2008 WL 4837455, *8 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (mem. op., not designated for publication) (concluding counsel's failure to establish the predicate to offer a defense exhibit did not constitute ineffective assistance where there was nothing in the record to explain counsel's conduct); *Salazar v. State*, No. 04-04-00363-CR, 2005 WL 1397142, *6 (Tex. App.—San Antonio 2005, no pet.) (mem. op., not designated for publication) (concluding counsel's failure to call witnesses did not constitute ineffective assistance of counsel because the record was silent as to (1) why counsel chose not to call any witnesses, (2) whether any uncalled witnesses were available for trial, and (3) whether the witnesses' testimony would have benefitted the appellant); *Mares v. State*, 52 S.W.3d 886, 891 (Tex. App.—San Antonio 2001, pet. ref'd) (concluding counsel's failure to secure rulings on pretrial motions or request a continuance did not constitute ineffective assistance because record was silent with regard to the reasons for counsel's conduct); *Ybarra v. State*, 890 S.W.2d 98, 113 (Tex. App.—San Antonio 1994, pet. ref'd) (recognizing the "[f]ailure to object and exclude inadmissible testimony is not necessarily ineffective assistance of counsel."). Schilling's first issue is overruled.

## CONCLUSION

The evidence is legally and factually sufficient to support the convictions and the jury argument presented by the prosecutor was proper, or if error, not preserved. Additionally, no *Brady* violation has been shown, and on this silent record, we cannot say that Schilling

received ineffective assistance of counsel. Based on the foregoing, the judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH