**David Joseph CREECH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–85–00360–CR.**

Court of Appeals of Texas,
El Paso.

Oct. 15, 1986.

Rehearing Denied Nov. 5, 1986.

Donald L. Williams, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and ARMENDARIZ and FULLER, JJ.

## OPINION

FULLER, Justice.

Appellant was convicted by a jury of indecency with a child and his punishment was set at confinement in the Texas Department of Corrections for a term of two years and six months. We affirm the judgment of conviction.

Appellant's Point of Error No. One urges there was insufficient evidence beyond a reasonable doubt that Appellant committed the offense.

Mrs. Scyphers, mother of the victim, testified she was a licensed vocational nurse employed for eight years in the emergency room of the local military hospital. She had known the Appellant and his wife for four or five years, and the wife had been babysitting with her daughter and son for approximately seven to nine months. On the date of the alleged offense, her daughter was almost three years eight months old. Her daughter complained of discomfort in urinating, and upon examination the mother found a laceration in the vagina. On questioning her daughter, she identified "Joe" as having done it with his finger. Later on video tape, her daughter referred to Joe as "Joe at Cindy's." The mother testified that Joseph Creech, the Appellant, was the only "Joe" known to her daughter (the victim). Evidence showed that Appellant's wife's name was Cynthia. The mother took the child to the emergency room of a local hospital where the child was examined by Dr. Hiller. Dr. Hiller testified at trial that he found a recent abrasion on the bottom of the entrance to the vagina.

Evidence of identity can be proven by direct or circumstantial evidence. *Earls v. State,* 707 S.W.2d 82 (Tex.Crim. App.1986). Weight and credibility of the witnesses were for the jury to consider. *Bowden v. State,* 628 S.W.2d 782 (Tex. Crim.App.1982). Point of Error No. One is overruled.

Point of Error No. Three claims the trial court erred in permitting the State to shift the burden of producing evidence to the Appellant. In truth and in fact, the record indicates only that the mother of the child was asked if the child (victim) was present and why. She answered, "[i]n case they wanted to call her as a witnesses [sic]." Thereafter, Appellant's attorney indicated, "[w]e want to object," and asked to approach the bench. An unrecorded bench conference took place. We find no error, and overrule Point of Error No. Three.

Points of Error Nos. Two, Four and Five complain of error in admitting the video tape of the child victim.

After the jury was selected, but before any evidence was presented and outside the presence of the jury, a hearing was had concerning the admissibility of the video

tape of the child victim. Appellant duly objected to its admission. The trial court overruled the objection, advising it would admit the tape. The jury was brought into court and trial commenced.

When the State formally offered the video tape, the Appellant replied "[n]o objection, your Honor," thereby waiving any possible error in its admission. *Gearing v. State,* 685 S.W.2d 326 (Tex.Crim.App.1985); *McGrew v. State,* 523 S.W.2d 679 (Tex. Crim.App.1975). Points of Error Nos. Two, Four and Five are overruled.

The judgment of conviction is hereby affirmed.