

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00273-CR

**HENRY BENARD WILLIAMS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the County Court at Law No 1**
**McLennan County, Texas**
**Trial Court No. 20113863 CR1**

---

## MEMORANDUM  OPINION

---

In one issue, appellant, Henry Benard Williams a/k/a Henry Bernard Williams,

contends that the evidence supporting his conviction for burglary of a motor vehicle is

insufficient.  *See* TEX. PENAL CODE ANN. § 30.04 (West 2011).  We affirm.

### I.     BACKGROUND

On August 11, 2011, Sabrina Raquelle Glasker was visiting her boyfriend at the

Varsity Square Apartments near the intersection of 11th Street and Speight Avenue.

Glasker left the apartment at about 2:00 a.m. after helping her boyfriend fill out

paperwork. As she left the apartment, she saw "a guy bent over in [her] car." It appeared to Glasker that the perpetrator was inside of her car stealing the radio. Glasker exclaimed, "Dude, you're in my car!" The perpetrator responded that he was not in Glasker's car but nevertheless fled the scene. Glasker chased the perpetrator for a few minutes but was unable to catch up with him. She later called the police. After briefly canvassing the area, police located appellant in an alley behind a Skinny's Convenience Store. Appellant was believed to be the perpetrator because his clothing substantially matched the description provided by Glasker.

Police later picked up Glasker and took her to the alley to identify the suspect. Upon seeing appellant in the alley, Glasker identified appellant as the one who broke into her car and tried to steal her radio. She noted that she was 100% sure that appellant was the perpetrator. At trial, Glasker admitted that she only saw a side profile of the perpetrator's face, but she recalled that appellant's clothes matched those of the perpetrator. In addition, Glasker identified appellant in open court as the perpetrator of this crime.

Appellant was charged by information with misdemeanor burglary of a motor vehicle. *See id.* § 30.04(d) (stating that the offense of burglary of a motor vehicle is typically a Class A misdemeanor). At the conclusion of the trial, the jury found appellant guilty of the charged offense, and the trial court sentenced appellant to 365 days' incarceration in the McLennan County Jail with no fine and credit for time served. *See id.* § 12.21(2) (West 2011) (providing that an individual adjudged guilty of a Class A

misdemeanor may be punished by confinement in jail for a term not to exceed one year). This appeal followed.

## II. STANDARD OF REVIEW

The Texas Court of Criminal Appeals, in *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010), abandoned the factual-sufficiency standard in criminal cases; thus, we need only consider the sufficiency of the evidence under the legal-sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979).

In *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 2712, 183 L. Ed. 2d 71 (2012), the Texas Court of Criminal Appeals expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Id.*

Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if

the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326; 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A person commits the offense of burglary of a motor vehicle if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft. *See* TEX. PENAL CODE ANN. § 30.04.

### III. ANALYSIS

In his sole issue on appeal, appellant argues that the evidence supporting his conviction is insufficient. Specifically, appellant challenges Glasker's identification of him as the perpetrator of this crime because she only saw the perpetrator's face from the side. Appellant also contends that because Glasker's identification allegedly is the only evidence that ties him to the crime, a rational trier of fact could not have found him guilty beyond a reasonable doubt.

## A.    Applicable Law

The State is required to prove beyond a reasonable doubt that the accused is the person who committed the crime charged. *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd) (citing *Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984); *Rice v. State*, 801 S.W.2d 16, 17 (Tex. App.—Fort Worth 1990, pet. ref'd)). Identity may be proved by direct or circumstantial evidence. *Id.* (citing *Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986); *Couchman v. State*, 3 S.W.3d 155, 162 (Tex. App.—Fort Worth 1999, pet. ref'd); *Creech v. State*, 718 S.W.2d 89, 90 (Tex. App.—El Paso 1986, no pet.)). "In fact, identity may be proven by inferences." *Id.* (citing *United States v. Quimby*, 636 F.2d 86, 90 (5th Cir. 1981)); *see Clark v. State*, 47 S.W.3d 211, 214 (Tex. App.—Beaumont 2001, no pet.); *see also Jones v. State*, 900 S.W.2d 392, 399 (Tex. App.—San Antonio 1995, writ ref'd) (explaining that the jury may use common sense and apply common knowledge, observation, and experience gained in ordinary affairs of life when giving effect to inferences that may reasonably be drawn from evidence).

The positive identification of a defendant as the perpetrator of a crime is sufficient to support a conviction. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978); *Cate v. State*, 124 S.W.3d 922, 928-29 (Tex. App.—Amarillo 2004, pet. ref'd); *see also Gilmore v. State*, No. 02-11-00273-CR, 2012 Tex. App. LEXIS 10597, at *32 (Tex. App.—Fort Worth Dec. 21, 2012, no pet.); *Williams v. State*, Nos. 12-11-00147-CR, 12-11-00148-CR, 12-11-00149-CR, 2012 Tex. App. LEXIS 6338, at **15-16 (Tex. App.—Tyler July 31, 2012, pet. ref'd) (mem. op., not designated for publication). Moreover, "[a] conviction may be based on the testimony of a single eyewitness." *Pitte*

*v. State*, 102 S.W.3d 786, 794 (Tex. App.—Texarkana 2003, no pet.) (citing *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971)).

## B.    Discussion

Here, Glasker identified appellant both in the alley behind the Skinny's Convenience Store and in open court as the perpetrator of the burglary. Nevertheless, the crux of appellant's complaint on appeal is that Glasker's identification is erroneous based on the fact that she stated she could only see a side profile of the perpetrator's face; however, this was a question for the jury to decide.[1] *See Chambers*, 805 S.W.2d at 461. The jury, in convicting appellant of the charged offense, clearly believed Glasker's assertions that appellant was the perpetrator, which it was entitled to do. *See id.*; *see also Jackson*, 443 U.S. at 326, 99 S. Ct. at 2792-93. And we must defer to the jury's resolution of Glasker's statements about the perpetrator's identity. *See Lancon v. State*, 253 S.w.3d 699, 706 (Tex. Crim. App. 2008); *Render v. State*, 316 S.W.3d 846, 859 (Tex. App.—Dallas 2010, pet. ref'd) ("An appellate court must give deference to a jury's decision regarding what weight to give contradictory testimonial evidence because the decision is most likely based on an evaluation of credibility and demeanor, which the jury is in a better position to judge.").

Because the positive identification of a defendant as the perpetrator of a crime is sufficient to support a conviction, we conclude that, viewing the evidence in the light most favorable to the jury's verdict, a rational factfinder could have found beyond a

---

[1] Appellant relies heavily on his argument that Glasker only saw the side profile of the perpetrator; however, he ignores the fact that the clothing he was wearing on the night of the incident was substantially similar to the description provided by Glasker to police immediately after the incident. This evidence also tends to identify appellant as the perpetrator of the burglary.

reasonable doubt that appellant was the perpetrator of this crime. *See Garcia*, 563 S.W.2d at 928; *Cate*, 124 S.W.3d at 928-29; *see also Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; *Lucio*, 351 S.W.3d at 894; *Hooper*, 214 S.W.3d at 13. Accordingly, we cannot say that the evidence pertaining to the identity element of the charged offense is insufficient. *See Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; *Lucio*, 351 S.W.3d at 894; *Hooper*, 214 S.W.3d at 13. As such, appellant's sole issue is overruled.

## IV.  CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed April 11, 2013
Do not publish
[CR25]