

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00261-CR

**TONY DWAYNE ERSKINE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 443rd District Court
### Ellis County, Texas
### Trial Court No. 38492CR

## MEMORANDUM OPINION

In one issue, appellant, Tony Erskine, contends that the evidence is insufficient to support his conviction for criminal mischief. *See* Tex. Penal Code Ann. § 28.03(a)(1) (West Supp. 2016). We affirm.

# I.    SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Erskine contends that the evidence supporting his conviction is insufficient because one of his friends, Jeremy Borders, did not see or hear Erskine cause any damage to Staci Norman's car.

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard enables the fact finder to draw reasonable inferences from the evidence. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. In performing our sufficiency review, we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).

A person commits the offense of criminal mischief when he intentionally or knowingly damages or destroys tangible property without the effective consent of the owner. TEX. PENAL CODE ANN. § 28.03(a)(1). The amount of pecuniary loss suffered by

the owner determines the degree of the offense. *Id.* § 28.03(b). If the property is damaged, the amount of pecuniary loss is determined by "the cost of repairing or restoring the damaged property within a reasonable time after the damage occurred." *Id.* § 28.06(b) (West Supp. 2016). On appeal, Erskine only challenges the identity element of the offense, arguing that his mere presence at the scene of the crime, without any other evidence linking him to the commission of the offense, is insufficient to prove that he committed the offense.

Identity may be proved by direct or circumstantial evidence. *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd) (citing *Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986); *Couchman v. State*, 3 S.W.3d 155, 162 (Tex. App.—Fort Worth 1999, pet. ref'd); *Creech v. State*, 718 S.W.2d 89, 90 (Tex. App.—El Paso 1986, no pet.)). "In fact, identity may be proven by inferences." *Id.* (citing *United States v. Quimby*, 636 F.2d 86, 90 (5th Cir. 1981)); *see Clark v. State*, 47 S.W.3d 211, 214 (Tex. App.—Beaumont 2001, no pet.); *see also Jones v. State*, 900 S.W.2d 392, 399 (Tex. App.—San Antonio 1995, writ ref'd) (explaining that the jury may use common sense and apply common knowledge, observation, and experience gained in ordinary affairs of life when giving effect to inferences that may reasonably be drawn from evidence).

The positive identification of a defendant as the perpetrator of a crime is sufficient to support a conviction. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978); *Gilmore v. State*, 397 S.W.3d 226, 240 (Tex. App.—Fort Worth 2012, pet. ref'd);

*Cate v. State*, 124 S.W.3d 922, 928-29 (Tex. App.—Amarillo 2004, pet. ref'd).  Moreover, "[a] conviction may be based on the testimony of a single eyewitness."  *Pitte v. State*, 102 S.W.3d 786, 794 (Tex. App.—Texarkana 2003, no pet.) (citing *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971)).

Here, Norman testified that she had an intimate relationship with Erskine.  After Erskine's house burned down, Norman invited Erskine and his roommate to move into her apartment.  After a few days, Erskine moved into his mother's house.  However, in the early morning hours of April 22, 2013, Erskine returned to Norman's apartment. Norman testified that Erskine had been drinking and was belligerent.  After arguing with Erskine, Norman later witnessed Erskine breaking the windows of her car.  Erskine used the butt of a baseball bat to make holes in the windows.  When Norman tried to chase him, Erskine and his brother, Vincent Sargent, jumped into a truck driven by Borders and left.  Norman recalled seeing Erskine's face while he was breaking the windows of her car without permission.  Later, Steven McDonald, an auto damage supervisor with GEICO Insurance, testified that Norman made a claim for vandalism in April 2013, and that the estimated damage to her car was $2,028.

Based on Norman's identification of Erskine as the individual who broke the windows in her car without permission, we conclude that the evidence is sufficient to support Erskine's conviction for criminal mischief.  *See Garcia*, 563 S.W.2d at 928; *see also Gilmore*, 397 S.W.3d at 240; *Cate*, 124 S.W.3d at 928-29; *Pitte*, 102 S.W.3d at 794.

Nevertheless, Erskine urges us to ignore Norman's testimony and instead focus on the testimony of Erskine's friend, Borders, who testified that he did not see or hear Erskine cause damage to Norman's car. Our governing standard of review does not authorize the cherry-picking of testimony from the record; rather, we view *all* of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 895; *Clayton*, 235 S.W.3d at 778.

And to the extent that Borders's testimony creates a conflict in the evidence, we note that the resolution of such conflicts is within the province of the jury and that we must defer to the jury's resolution of such conflicts. *See Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Jackson*, 443 U.S. at 326, 99 S. Ct. at 2792-93; *Lancon v. State*, 253 S.W.3d 699, 706 (Tex. Crim. App. 2008); *Render v. State*, 316 S.W.3d 846, 859 (Tex. App.—Dallas 2010, pet. ref'd) ("An appellate court must give deference to a jury's decision regarding what weight to give contradictory testimonial evidence because the decision is most likely based on an evaluation of credibility and demeanor, which the jury is in a better position to judge."). In convicting Erskine of the charged offense, the jury clearly believed Norman's version of the events and did not believe Borders's testimony in favor of Erskine. As such, we must defer to the jury's resolution of the conflict in the evidence. *See Chambers*, 805 S.W.2d at 461; *see also Jackson*, 443 U.S. at 326, 99 S. Ct. at 2792-93; *Lancon*, 253 S.W.3d at 706; *Render*, 316 S.W.3d at 859.

Viewing the evidence in the light most favorable to the verdict, we hold that a rational factfinder could have concluded that the State proved beyond a reasonable doubt that Erskine committed the offense of criminal mischief when he broke the windows of Norman's car without permission on the night in question. *See* TEX. PENAL CODE ANN. § 28.03(a)(1); *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 895; *Clayton*, 235 S.W.3d at 778. Accordingly, we conclude that the evidence is sufficient to support Erskine's conviction for criminal mischief. *See* TEX. PENAL CODE ANN. § 28.03(a)(1); *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 895; *Clayton*, 235 S.W.3d at 778. We overrule his sole issue on appeal.

## II.    CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed March 8, 2017
Do not publish
[CR25]

