

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00248-CR
### No. 10-17-00249-CR

**JEREMY RHYNES,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 40903CR & 40904CR

## MEMORANDUM OPINION

In two issues, appellant, Jeremy Douglas Rhynes, challenges his convictions for two counts of forgery on application for title. *See* TEX. TRANSP. CODE ANN. § 501.155(a)(1) (West 2013). Specifically, Rhynes contends that the evidence is legally insufficient to prove: (1) that he signed the name of another without legal authority on an application

for title in trial court cause number 40904CR; and (2) his identity as the suspect in trial court cause number 40903CR.[1] We affirm.

## I. BACKGROUND

Rhynes was charged in two indictments with one count of forgery on application for title pertaining to two different transactions for the sale of automobiles. Rhynes pleaded "not guilty" to the charged offenses, and both offenses were tried together.

The jury found Rhynes guilty of both charged offenses and sentenced him to five years' incarceration in trial court cause number 40903CR and ten years' incarceration, with community supervision recommended, and a $10,000 fine in trial court cause number 40904CR. The trial court sentenced Rhynes to ten years of community supervision in trial court cause number 40904CR and ordered that the sentence run concurrently with the sentence imposed in trial court cause number 40903CR. These appeals followed.

## II. STANDARD OF REVIEW

In *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt.

---

[1] Trial court cause number 40903CR corresponds with appellate cause number 10-17-00248-CR, and trial court cause number 40904CR corresponds with appellate cause number 10-17-00249-CR.

> *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Id.*

Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge does four things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not

unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.* Under the certificate of title act, a person commits an offense if he knowingly provides false or incorrect information or without legal authority signs the name of another person on an application for a certificate of title. TEX. TRANSP. CODE ANN. § 501.155(a)(1).

## III.    TRIAL COURT CAUSE NUMBER 40904CR

In his first issue, Rhynes contends that the State failed to produce proof that he signed a title application with the name "Norma Beasley," an individual who died in 2012, in an October 22, 2015 transaction involving the sale of a used 1997 Mercedes S-500 automobile to Lakeishia Shaw. The record reflects that Rhynes was charged in trial court cause number 40904CR with "knowingly provid[ing] false or incorrect information or without legal authority sign[ing] the name of another person, namely, Norma Beasley, on an application for a certificate of title." However, the State elected to proceed in this cause number solely on the allegation of providing false or incorrect information. Indeed, the application portion of the jury charge provided the following:

> Now, if you find from the evidence beyond a reasonable doubt that on or about October 22, 2015, in Ellis County, Texas, the defendant, JEREMY DOUGLAS RHYNES, did then and there knowingly provide false or incorrect information on an application for a certificate of title, then you will find the defendant guilty of Forgery on Application for Title as charged in the indictment.

Because Rhynes's appellate complaint does not challenge this manner of committing the charged offense, we conclude that this issue is inadequately briefed and, therefore, presents nothing for review. *See* TEX. R. APP. P. 38.1(i); *see also Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008) ("This Court has no obligation to construct and compose appellant's issues, facts, and arguments 'with appropriate citations to authorities and to the record.'" (quoting TEX. R. APP. P. 38.1(i))). We overrule Rhynes's first issue.

## IV.     TRIAL COURT CAUSE NUMBER 40903CR

In trial court cause number 40903CR, Rhynes was charged with "knowingly provid[ing] false or incorrect information or without legal authority sign[ing] the name of another person, namely, Larry Jordan, on an application for a certificate of title." In his second issue, Rhynes argues that the State failed to prove his identity as the suspect with regard to this transaction, which involved the sale of a used 2003 BMW 530i automobile to Kathy Holcomb. In particular, Rhynes asserts that his identity as the suspect was never connected to his courtroom identification. We disagree.

## A.     Applicable Law

The State is required to prove beyond a reasonable doubt that the accused is the person who committed the crime charged. *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd) (citing *Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984); *Rice v. State*, 901 S.W.2d 16, 17 (Tex. App.—Fort Worth 1990, pet. ref'd)). Identity may be proven by direct or circumstantial evidence. *Id.* (citing *Earls v. State*, 707

S.W.2d 82, 85 (Tex. Crim. App. 1986); *Couchman v. State*, 3 S.W.3d 155, 162 (Tex. App.—

Fort Worth 1999, pet. ref'd); *Creech v. State*, 718 S.W.2d 89, 90 (Tex. App.—El Paso 1986,

no pet.)).  "In fact, identity may be proven by inferences." *Id.* (citing *United States v.*

*Quimby*, 636 F.2d 86, 90 (5th Cir. 1981)); *see Clark v. State*, 47 S.W.3d 211, 214 (Tex. App.—

Beaumont 2001, no pet.); *see also Jones v. State*, 900 S.W.2d 392, 399 (Tex. App.—San

Antonio 1995, pet. ref'd) (explaining that the jury may use common sense and apply

common knowledge, observation, and experience gained in ordinary affairs of life when

giving effect to inference that may reasonably be drawn from evidence).

**B.      Discussion**

In this cause number, both Holcomb and Detective Kyle Ranton of the Waxahachie

Police Department identified Rhynes as the person who committed the offense.  In fact,

after testifying in detail about observing Rhynes filling out the application for title while

purporting to be Larry Jordan, Holcomb noted the following:

| Q [The State]: | And the person that you are calling—that purportedly told you his name is Larry Jordan and I'm selling this car, do you see him in the courtroom today? |
|---|---|
| A [Holcomb]: | Yes, I do. |
| Q: | Would you please identify him? |
| A: | He is wearing a light blue shirt and dark blue suit. |
| Q: | Sitting with Defense Counsel? |
| A: | Yes, Ma'am. |

| [Prosecutor]: | Judge, let the record reflect she's identified the Defendant. |
| --- | --- |
| THE COURT: | Record will so reflect. |

Moreover, Detective Ranton later explained how he arranged a photographic lineup and that Holcomb identified Photograph 6—Jeremy Rhynes—as the perpetrator of the offense. And finally, Detective Ranton also identified Rhynes in open court as the individual for whom a warrant was issued in this cause number.

Based on the foregoing, and viewing the evidence in the light most favorable to the jury's verdict, we cannot say that the evidence pertaining to the identity element of the charged offense in this cause number is insufficient. *See* TEX. TRANSP. CODE ANN. § 501.155; *Johnson*, 673 S.W.3d at 196; *Clark*, 47 S.W.3d at 214; *Roberson*, 16 S.W.3d at 167; *Jones*, 900 S.W.2d at 399; *see also Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; *Lucio*, 351 S.W.3d at 894. As such, we overrule Rhynes's second issue.

## V. CONCLUSION

Having overruled both of Rhynes's issues on appeal, we affirm the judgments of the trial court.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed April 10, 2019
Do not publish
[CR25]

